## S95A1128. WOODS v. THE STATE.
(461 SE2d 535)

HINES, Justice.

Carlos Myron Woods was convicted of felony murder while in the commission of an aggravated assault and possession of a firearm during the commission of murder for the shooting death of Timothy

---

Brian Huckabee.[1] The evidence at trial, considered in the light most favorable to the verdict, showed that Huckabee was fatally shot by Woods when Huckabee and his friend, May, went to make a cocaine buy from Woods and a juvenile, Thomas, and fled the sellers in an attempt to avoid paying for the drugs.

Initially, Woods was identified as a witness to the incident. He was interviewed by police and gave two recorded statements indicating that he was with Thomas at the time of the incident and that another man, Landers, did the shooting. Thomas was brought in for questioning. He implicated himself and Woods, identifying Woods as the shooter. Woods was questioned again and gave a third recorded statement in which he admitted that he and Thomas were the men in the drug deal and that he (Woods) fired the shots at the victim. Woods also stated that he sold the nine millimeter handgun used in the shooting.

1. Two photographic lineups shown to May on the night of the shooting were admitted in evidence over Woods' objection. The first, State's Exhibit 35, contained Landers' photograph; the second, State's Exhibit 36, included a photograph of Woods. May testified that he did not remember seeing Exhibit 35 and that when he was shown Exhibit 36, he told the investigator he could not identify anyone. Later in the trial, the investigator testified that May had not recognized anyone in the first lineup, but in the second recognized Woods even though May was not sure that Woods was the shooter. Woods contends that the lineups were irrelevant and therefore inadmissible because May did not identify anyone as the assailant. He does not challenge the testimony regarding the lineups nor did he do so during trial.

At trial, Woods denied involvement in the drug deal and claimed Landers fired the shots. Thomas, who had pled guilty in juvenile court to being a party to the murder, testified that he and Woods were not involved in the drug deal or the shooting and were merely walking by when the victim was dealing with Landers and another man. Therefore, the question of identity of the shooter was at the heart of the case and the lineups were relevant and material evidence on this issue. It was for the jury to determine whether or not the eyewitness had recognized Woods in the second lineup, and if so,

---

[1] The crimes occurred on January 8, 1993. Woods was indicted on March 23, 1993 for malice murder, felony murder while in the commission of an aggravated assault, and possession of a firearm during the commission of murder. He was tried on May 10-11, 1993, and was acquitted of malice murder and found guilty of the two remaining charges. On June 15, 1993, Woods was sentenced to life imprisonment and five consecutive years of incarceration. A motion for new trial was filed on June 24, 1993, and denied on February 16, 1995. The notice of appeal was filed on March 3, 1995, and the appeal was docketed in this Court on April 12, 1995. The case was submitted for decision without oral argument on June 5, 1995.

whether the recognition was because Woods was the drug dealer and fired the fatal shots.

2. Woods contends that his statements were inadmissible because they were products of his warrantless, and thus, illegal arrest. The evidence does not support a finding that Woods was in custody when he made the first two statements. Even accepting that he was at the time of the third, there was then probable cause sufficient to support a warrantless arrest. See *Johnson v. State*, 258 Ga. 506, 507 (2) (371 SE2d 396) (1988).

3. Woods contends that it was error to admit one of the photographs of the victim taken at the time of autopsy because it lacked probative value and served only to inflame the jury.

Four other views of the body were admitted without objection. The photograph at issue did not show any incision or dissection or changes to the body resulting from the autopsy. Compare *Brown v. State*, 262 Ga. 833, 836 (9) (426 SE2d 559) (1993); *Brown v. State*, 250 Ga. 862, 866 (5) (302 SE2d 347) (1983). It was a picture of the victim's unaltered face and shoulders which was shown to the testifying pathologist in order that he identify the victim. Photographs of the deceased are generally admissible to show the identity of the victim even though doubtless such photographs are prejudicial to the accused. *Blankenship v. State*, 247 Ga. 590, 595 (8) (277 SE2d 505) (1981); *Moses v. State*, 245 Ga. 180, 187 (6) (263 SE2d 916) (1980). When a trial court is faced with the challenge that the probative value of evidence is outweighed by its tendency to unduly prejudice the jury, it must exercise its discretion in determining admissibility. *Carroll v. State*, 261 Ga. 553, 554 (2) (408 SE2d 412) (1991). There was no abuse of the trial court's discretion in admitting the photograph.

4. Thomas' statement to police was admitted as a prior inconsistent statement. Woods challenges the admission on the grounds that the statement contained matter other than responses inconsistent with Thomas' trial testimony and that the foundation requirements of OCGA § 24-9-83 were not satisfied. The lack of foundation objection was not made at trial and is not properly raised for the first time on appeal. *Harrison v. State*, 213 Ga. App. 366, 367 (1) (444 SE2d 613) (1994). Nor did Woods take exception on the ground that portions of the statement were not inconsistent, so that issue is not preserved for appeal. *McGee v. State*, 205 Ga. App. 722, 727 (9) (423 SE2d 666) (1992).

5. Woods argues that the trial court's instruction that the jury "may take into consideration the fact that he is interested in the results of the prosecution" improperly singled out his testimony for special treatment and consideration. The instruction, approved in *Johns v. State*, 239 Ga. 681, 684 (4) (238 SE2d 372) (1977), merely stated

the self-evident fact of Woods' interest in the outcome of the case. *Phelps v. State*, 245 Ga. 338, 341 (6) (265 SE2d 53) (1980). Moreover, in the context of the court's complete charge, it did not improperly subject Woods' testimony to special scrutiny. Immediately before the instruction the court stated, "when the accused testifies, he at once becomes the same as any other witness and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witness."

6. The evidence was sufficient to enable a rational trier of fact to find Woods guilty beyond a reasonable doubt of the felony murder of Huckabee and of possession of a firearm during commission of the murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 25, 1995.

*Stanley C. House,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige R. Whitaker, Assistant Attorney General,* for appellee.

