## S99A0198. BURNETT v. THE STATE.
### (515 SE2d 150)

THOMPSON, Justice.

Anthony Burnett was convicted of malice murder and possession of a firearm during the commission of a felony, in connection with the bludgeoning death of James Garrett, Jr.[1] In his sole enumeration of

---

[1] The crimes occurred on April 26, 1997. An indictment was returned on December 10, 1997, charging Burnett with malice murder, felony murder with the underlying felony of aggravated assault, aggravated assault (two counts), and possession of a firearm during the commission of a felony. Trial was held on March 16 and 17, 1998. The jury returned its verdict on March 17, 1998, declaring Burnett guilty of all counts, with the exception of one count of aggravated assault. He was sentenced on the same day to life imprisonment for malice murder, and to five consecutive years for firearm possession. An order granting a motion for out-of-time appeal was entered on September 11, 1998. A notice of appeal was filed on September 28, 1998, the case was docketed in this Court on October 28, 1998, and

error on appeal, he challenges the sufficiency of the evidence to support his convictions. We affirm.

While attending a card game at the home of friends, an argument ensued between Burnett and the victim, whereupon both men were told to leave the premises. Burnett returned 15 minutes later armed with a shotgun. He announced, "I'm gon' up there and kill . . . that M. F." His friends attempted to subdue him and urged him to stay. Although no one actually observed Burnett leave the residence, a witness testified, "He disappeared and the shotgun disappeared." He returned to the residence later that evening carrying the barrel portion of a broken shotgun. He told the several people present that "he had killed the motherfucker," and that the body could be found on the front porch of the victim's home. They rushed to that location (two houses away), where they found the lifeless body of the victim, and then summoned the police.

The autopsy revealed two three-and-a-half inch lacerations on the back of the victim's head. In the opinion of the medical examiner, these wounds were inflicted by two blows with the butt of a shotgun, causing the victim's brain to hemorrhage. The victim also suffered three broken ribs, and a ruptured liver and kidney.

Burnett testified that he hit the victim with the butt of his shotgun, but that he did so in self-defense. However, on cross-examination Burnett revealed that after he struck the initial blow, the victim fell to the ground, and that he hit him again with the butt of the shotgun, causing the weapon to break in two.

The jury was authorized to reject Burnett's justification defense, and to find instead that he acted upon his threat to kill Garrett, thus satisfying the malice aforethought element of malice murder. Accordingly, the evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), for a rational trier of fact to have found Burnett guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 12, 1999.

*Lucy J. Bell,* for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

was submitted for decision on briefs on December 21, 1998.

*Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.