## S00A0186. JACKSON v. THE STATE.
(531 SE2d 700)

HINES, Justice.

Albert Jackson appeals his convictions for malice murder and aggravated sexual battery. For the reasons that follow, we affirm.[1]

1. Construed to support the verdicts, the evidence showed that Jackson and Mary Alice "Belle" Richardson had been romantically involved for several months. Richardson's body was found in the bedroom of Jackson's residence; there were blood splatters on the walls, ceiling, and furnishings. An attempt had been made to clean some of the blood stains. In the days before Richardson's death, Jackson stated he would beat her and told several witnesses on the night of the murder that he was going to kill her that night; he also told Richardson that he would kill her. Her death occurred in the early morning hours. That afternoon, Jackson's brother arrived at the house and Jackson told him that Richardson was dead, showed him the body, and stated that he had "messed up." After his brother notified police, Jackson's niece asked Jackson why the police were coming to the house and he said they were coming for him.

Richardson's body showed severe trauma to her head, neck, rib cage, and pelvic area. A baseball bat with Richardson's blood on it was found in the house. Injuries to her vaginal wall were consistent with having a baseball bat forcibly inserted into her vagina.

According to Jackson's testimony, Richardson came home from a bar with him, they drank some beer, had consensual sex, and both drank more beer. Richardson pulled out a knife and threatened him, so he hit her in the mouth. Richardson had more beer and began to vomit blood, some onto the baseball bat. She then fell against a dresser, hitting her head; at this time she was naked. Jackson would not allow her into the bed because she was bloody, and he went to sleep. When he awoke, she was clothed and dead by the bed. He told a co-worker who came to the house to take him to work that he would not be going to work. Jackson then sat with his niece for a period of

---

[1] The crimes occurred on May 10, 1997. On July 14, 1997, a Turner County grand jury indicted Jackson for malice murder, aggravated assault, rape, felony murder in the commission of rape, felony murder in the commission of aggravated assault, and aggravated sexual battery. He was tried before a jury and guilty verdicts were returned on the charges of malice murder, aggravated assault, felony murder in the commission of aggravated assault, and aggravated sexual battery; Jackson was found not guilty of rape and felony murder in the commission of rape. On February 26, 1998, he was sentenced to life in prison for malice murder and a consecutive term of 20 years in prison for aggravated sexual battery; the aggravated assault merged into the felony murder conviction, which was vacated by operation of law. See Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993). Jackson filed a motion for new trial on March 20, 1998, which was amended on September 25, 1998, and denied on December 30, 1998. He filed a notice of appeal on January 21, 1999, his appeal was docketed in this Court on October 20, 1999, and was submitted for decision on December 15, 1999.

time. He went outside and changed the oil in his mother's car. He did not tell anyone of Richardson's death until his brother arrived. Jackson denied threatening to kill Richardson and testified that the four witnesses who testified that he had done so were mistaken.

The evidence authorized the jury to reject Jackson's contention of accidental death, to conclude that he acted upon his threats, and that he was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Burnett v. State*, 270 Ga. 885, 886 (515 SE2d 150) (1999); *Griffin v. State*, 251 Ga. 431, 432 (1) (306 SE2d 283) (1983).

2. There was no error in admitting into evidence ten autopsy photographs over Jackson's objection. They depicted the victim's skull with the hair and scalp removed, her removed tongue, exposed portions of the interior of her neck and rib cage, and her uterus, vagina, and fallopian tubes. A hearing was held outside the jury's presence to determine if the photographs were admissible under *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). The medical examiner testified that without these photographs, the internal injuries to the vagina, hemorrhaging in the brain, neck, and interior of the rib cage, and bites on the tongue, would not be apparent and that the injuries could not be shown merely by photographs of the exterior of the body. Because these injuries did not become apparent until the autopsy, the photographs were admissible to aid the medical examiner in describing the cause and manner of death. *Holland v. State*, 267 Ga. 833, 836 (2) (483 SE2d 584) (1997); *Thornton v. State*, 264 Ga. 563, 571 (449 SE2d 98) (1994); *Brown*, supra. The photographs were also admissible as rebutting Jackson's version of events that Richardson died as the result of an accident. *Thornton*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 30, 2000.

*N. Glenn Perry*, for appellant.

*C. Paul Bowden, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General*, for appellee.