S04A0346. DYERS v. THE STATE.
(596 SE2d 595)

HUNSTEIN, Justice.

Curtis Dyers was indicted on May 12, 1998 for the malice murder, felony murder and aggravated assault of Troy Spann. He was convicted on all counts on December 1, 1998 and sentenced to life

---

imprisonment.[1] He appeals and we affirm.

On the day in question appellant and the victim engaged in an argument about "five dollars" or "money," their euphemistic reference to cocaine. Later that evening, an eyewitness observed appellant kick and hit the victim with a pipe or a stick and repeatedly state that he wanted his "money." After the beating ceased, the victim and appellant left the scene together. A neighbor went to the victim's home and when he saw that the victim had been injured he left to retrieve the victim's sister. When they both returned, appellant was at the home holding a pipe and the victim was in another room spitting blood and complaining that his head was hurting. The sister flagged down a police officer as appellant tried to leave. Although the officer initially placed appellant in his patrol car, he let appellant leave after the victim told the officer he would not press charges or go to the hospital. The victim died two days later from injuries sustained in the beating.

1. Appellant contends that the evidence was insufficient to convict him of the homicide because the victim refused immediate medical treatment. We reject this contention as the evidence was sufficient to authorize the jury to find that the victim's death was caused by injuries inflicted upon him during the attack. Accord *State v. Cross*, 260 Ga. 845 (2) (401 SE2d 510) (1991); *Durden v. State*, 250 Ga. 325 (5) (297 SE2d 237) (1982). Having also considered the evidence in a light most favorable to the verdict, we conclude that the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that it was error for the trial court to deny his motion in limine to exclude any reference to cocaine or the sale of cocaine as it was without probative value and would improperly place his character at issue. Whereas evidence of drug use is inadmissible when it is intended only to impugn character and has no relevance to any disputed issues in the case, evidence that appellant was a drug user and thereby more disposed to be upset with the victim for not returning the cocaine, would clearly be relevant to disputed issues in this case and probative of the reason behind the disagreement that led to the victim's death. The fact that the testimony incidentally placed appellant's character in issue by showing that he used illegal

---

[1] The crimes occurred on March 27, 1998. Dyers was indicted in Richmond County. He was tried before a jury on November 30, 1998, found guilty on December 1, 1998 and sentenced to life imprisonment that same day. Dyers' motion for new trial, filed December 28, 1998 was denied November 17, 1999. A notice of appeal was filed November 19, 1999. The appeal was docketed in this Court on October 28, 2003 and submitted for decision without oral argument.

drugs does not otherwise cause the testimony to be excluded. *Wright v. State*, 276 Ga. 454 (3) (579 SE2d 214) (2003); *Hall v. State*, 264 Ga. 85 (2) (441 SE2d 245) (1994).

3. Appellant contends that the trial court erred in allowing the jury to view seven autopsy photographs. Three of the photographs were pre-incision; one photograph showed a portion of the victim's leg post-incision, and the remaining three photographs depicted damage to the victim's brain. Autopsy photographs of the victim "are admissible if necessary to show some material fact that becomes apparent only due to the autopsy. [Cit.]" *Peterson v. State*, 274 Ga. 165, 171 (5) (549 SE2d 387) (2001). The pre-autopsy photographs showed obvious injuries sustained by the victim. The post-autopsy photographs were put before the jury to show the extent and nature of internal injuries suffered by the victim that were not otherwise apparent, such as contusions to the skull, hemorrhaging of the membranes covering the brain and internal fractures. There was no abuse of the court's discretion in admitting these photographs. *Jackson v. State*, 272 Ga. 429 (2) (531 SE2d 700) (2000); *Woods v. State*, 265 Ga. 685 (3) (461 SE2d 535) (1995).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 24, 2004.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Raina Nadler, Assistant Attorney General*, for appellee.