## A09A1116. GRIFFEY v. THE STATE.
### (680 SE2d 634)

MIKELL, Judge.

After a jury trial, Tommy Joe Griffey was convicted of armed robbery and possession of a firearm during the commission of a crime. Griffey was sentenced as a recidivist to life in prison on the armed robbery charge and to five years to run consecutively on the possession of a firearm charge. On appeal, Griffey raises a single enumeration of error in which he challenges a portion of the jury charge. Finding no error in the charge, we affirm.

Construed in favor of the verdict, the record shows that Charles Delong, an employee at the Quality Inn, testified that on March 26, 2006, a bare-chested man, wearing a big, white, round hat and a jacket, whom Delong identified as Griffey, entered the motel and asked for a room. Delong testified that the man then pulled out a gun and demanded all of the money in the cash drawer, and Delong complied with his demands. The man then exited the motel and drove away in what Delong thought was a red older model Honda Accord. Delong identified photographs of the incident that were taken from the security cameras at the motel, which were admitted into evidence.

Griffey testified at trial that he committed the armed robbery at the Quality Inn with a fake gun and admitted that he knew that a fake gun was treated as a real gun for purposes of the armed robbery statute. Griffey testified that at the time of the robbery, he was involved with a man, whom he identified as Michael Rodriguez, who injected him with cocaine, and coerced him into committing the robbery at issue here. Griffey claimed that Rodriguez would beat him if he refused any of Rodriguez's requests, then they would have sex and Rodriguez would inject Griffey with cocaine. Griffey also admitted that he committed another robbery and testified that Rodriguez committed two other robberies. Debra Gunnin, a forensic psychologist, testified that Griffey had a long history of psychiatric problems and had been prescribed various medications to treat his psychiatric illnesses but concluded that Griffey's mental illness did not prevent him from distinguishing right from wrong nor did it result in an inability to resist committing crimes.[1]

---

[1] There was a plethora of evidence regarding the Quality Inn robbery, and several similar

The charge about which Griffey complains on appeal follows:

> I charge you that when the accused testifies, he at once becomes the same as any other witness, and his credibility is to be tested by and subjected to the same tests as are legally applied to any other witnesses. In determining the degree of credibility that should be accorded his testimony, you, the jury may take into consideration the fact that he's interested in the result of this prosecution.

Griffey argues that the charge skews the jury's deliberations against him, and thus violates his rights to due process.

At the outset, we point out that there is nothing in the record to show that Griffey raised this argument below. It was not raised in the motion for new trial and Griffey waived the hearing on the motion, so there is no transcript for us to review. Where a defendant does not show that he raised an argument below, it is waived on appeal.[2] Nonetheless, we exercise our discretion and review Griffey's enumerated error.

Our Supreme Court rejected the argument raised by Griffey in *Bell v. State*,[3] wherein the Court reiterated that it had "approved as a correct statement of law an instruction that, in assessing the credibility of witnesses, the jury may take into consideration the fact that the defendant who testifies is interested in the outcome of the prosecution."[4] The Court continued, "[w]e have observed that the contested instruction 'made it plain that the defendant's testimony was not to be given different treatment' from that of the other witnesses and merely stated the self-evident fact of the defendant's interest in the outcome of the case."[5] Accordingly, this rule governs here with the result that Griffey's enumeration of error fails.[6]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 29, 2009.

---

transaction witnesses testified as well. However, the additional facts provided by these witnesses are not germane to the issue on appeal, and therefore, have not been included.

[2] *Dickey v. State*, 257 Ga. App. 190, 194-195 (3) (570 SE2d 634) (2002).

[3] 284 Ga. 790 (671 SE2d 815) (2009).

[4] (Citations omitted.) Id. at 794 (3).

[5] (Citation and punctuation omitted.) Id. at 794-795 (3).

[6] See also *Woods v. State*, 265 Ga. 685, 687-688 (5) (461 SE2d 535) (1995) (charge upheld against contention it improperly singled out defendant's testimony); *Larry v. State*, 266 Ga. 284, 286-287 (3) (466 SE2d 850) (1996) (charge upheld against contention it violated due process and equal protection by singling out defendant's testimony and applying to it a different standard). Accord *Taylor v. State*, 285 Ga. App. 697, 701 (3) (647 SE2d 381) (2007).

*Mary Erickson*, for appellant.
*Rebecca A. Wright, District Attorney*, for appellee.