A11A0616. WARREN v. THE STATE.
(711 SE2d 108)

ANDREWS, Judge.

Marjorie Warren appeals from the judgment of conviction entered on a jury verdict finding her guilty of fifty-two counts of first degree forgery, fifty counts of felony theft by taking of property exceeding $500 in value, and two counts of misdemeanor theft by taking of property not exceeding $500 in value. For the following reasons, we find no error and affirm.

1. Contrary to Warren's contention, the evidence was sufficient to support the guilty verdict.

The State presented evidence that, while Warren was the business manager for a doctor's medical practice, she engaged in a scheme to steal money from the practice. Evidence showed that, without authority from the doctor who owned the practice, Warren filled out and signed over 52 checks drawn on the practice's bank account totaling over $100,000, and then mailed the checks to creditors who accepted the checks as payments on her personal credit card debts. Evidence showed that Warren attempted to hide the theft by creating records which obscured that the checks were used to pay her credit card debt. Warren testified in her own defense that the doctor gave her authority to write the checks and that, with the doctor's approval, all of the checks were legitimate reimbursements to her for items she purchased for the practice on her personal credit cards. As to the records she created which failed to disclose that the checks paid off her credit cards, Warren testified that she made clerical mistakes. The doctor who owned the practice testified

---

that Warren had no authority to sign the checks; that it was not her responsibility to make major purchases for the practice; that he never authorized her to make purchases for the practice on her personal credit cards; nor did he authorize her to pay personal credit card debts with checks drawn on the practice's bank account.

Viewed in favor of the guilty verdicts, the evidence was sufficient to establish beyond a reasonable doubt: (1) that Warren was guilty of all fifty-two counts of first degree forgery in violation of OCGA § 16-9-1 when, with intent to defraud the doctor and his medical practice, she knowingly possessed fifty-two checks drawn on the practice's bank account without authority, and uttered the checks as payment on her personal credit card debt; and (2) that Warren was guilty of fifty counts of felony theft by taking of property and two counts of misdemeanor theft by taking in violation of OCGA §§ 16-8-2 and 16-8-12 (a) (1) when she used the above-referenced fifty-two checks (fifty checks in excess of $500 and two checks less than $500) to unlawfully take money from the medical practice's bank account belonging to the doctor and his practice with the intention of depriving the owners of the money. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We find no merit to Warren's contention that the State failed to prove venue beyond a reasonable doubt on the first degree forgery counts.

Warren contends that the State failed to prove beyond a reasonable doubt that, as alleged in the indictment, she uttered the 52 checks at the location of the doctor's practice in Athens, Clarke County, Georgia. Venue in criminal cases is the county where the crime was committed. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. As a jurisdictional fact, venue is an essential element of the charged crime which must be proved beyond a reasonable doubt. *Bell v. State*, 284 Ga. 790, 792 (671 SE2d 815) (2009). As with any element of a charged offense, the State may use direct or circumstantial evidence to prove venue. Id. at 793.

A check may be uttered by "offer[ing] directly or indirectly, by words or actions, such document as good." (Punctuation omitted.) *Walker v. State*, 127 Ga. 48, 49-50 (56 SE 113) (1906). "An offer to pass a check to another person as a genuine instrument constitutes 'uttering.' " *Hudson v. State*, 188 Ga. App. 684, 689 (374 SE2d 212) (1988). The State showed that Warren was the business manager for the doctor's medical practice located in the city of Athens in Clarke County, and that working in that capacity Warren filled out and signed checks drawn on the practice's bank account and sent the checks in the mail offering them as payments on her personal credit card debts. This was direct and circumstantial evidence sufficient to prove beyond a reasonable doubt that she uttered the checks from

the location of the medical practice where she worked in Clarke County.

3. Warren claims that, over her objection, the trial court erroneously admitted her credit card statements into evidence under the business records exception to the hearsay rule set forth in OCGA § 24-3-14. The trial court admitted all of the statements as credit card company business records under OCGA § 24-3-14 based on foundational testimony given by representatives of the companies. Warren objected that the foundational testimony was inadequate because the portions of the statements showing her credit card purchases from third-party merchants were not business records generated by the credit card companies, but were business records generated by the merchants that required additional foundational testimony from the merchants. The record shows that, at or near the time credit card purchases were made from the merchants, each merchant routinely generated a business record of the purchase and transmitted the record to the appropriate credit card company, which relied upon the transmitted record to routinely generate as its own business record the credit card statement sent to the purchaser for payment. The foundational testimony given by the credit card company representatives showed that they had sufficient knowledge of the manner in which the merchants and the credit card companies routinely generated these business records and functioned in this context as related businesses. We find no error in the trial court's conclusion that the credit card purchases transmitted by the merchants to the credit card companies were also business records of the credit card companies that were admissible under OCGA § 24-3-14 based on the foundational testimony given by the company representatives. *Jackson v. State*, 209 Ga. App. 217, 218-219 (433 SE2d 655) (1993); *Moore v. State*, 154 Ga. App. 535, 538-540 (268 SE2d 706) (1980).[1]

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MAY 16, 2011.

*Thomas J. Killeen*, for appellant.
*Kenneth W. Mauldin, District Attorney, Lisa M. Pappas, Brian V. Patterson, Assistant District Attorneys*, for appellee.

---

[1] Moreover, Warren gave testimony admitting that the credit card statements showing her purchases from the various merchants accurately reflected her personal credit card records.