IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

TRANSPORTATION SERVICES OF ST. JOHN, )
INC., CLIFTON A. BOYNES, SR., and CLIFTON A. )
BOYNES JR., )         CIVIL NO. ST-13-CV-544
)
        Plaintiffs, )         ACTION FOR DECLARATORY
v. )         JUDGMENT; BREACH OF FIDUCIARY
)         DUTY; AND UNJUST ENRICHMENT
LOREDON BOYNES, JR., JUNE BOYNES, TONYA )
PICKERING, and LINKED RESOURCES LLC, )
)
        Defendants. )
_____ )

Cite as: 2019 VI Super 178

Appearances:

TEELUCK PERSAD, ESQ.
CPLS, P.A.
201 East Pine Street, Suite 445
Orlando, FL 32801
*Attorney for Plaintiffs*

MARIA TANKENSON HODGE, ESQ.
Law Office of Hodge & Hodge
1340 Taarneberg
St. Thomas, USVI 00802
*Attorney for Defendants*

## MEMORANDUM OPINION

**ROBERT A. MOLLOY,** *Judge.*

¶1    **THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, filed on September 30, 2015, and Plaintiffs'[1] Motion for Partial Summary Judgment, filed on October 8, 2015. Both parties filed their respective summary judgment motions pertaining to certain claims raised in the second amended complaint and the counterclaims to that complaint. On November 16,

---

[1] The Defendants challenge whether Transportation Services of St. John, Inc. is a proper plaintiff in this case. Counsel for Plaintiffs conceded that the initial complaint filed on October 21, 2013, was not properly authorized by the proper amount of individuals having the authority to represent Transportation Services. The Court also recognizes that Plaintiff, Clifton A. Boynes, Sr., commenced a lawsuit against Transportation Services in 2007. *See Boynes v. Transp. Servs. of St. John, Inc..*, Civ. No. ST-07-CV-606. The attorney who represents Clifton A. Boynes Sr. in the 2007 lawsuit against Transportation Services is the same attorney who represents Clifton A. Boynes, Sr. and who is purporting to represent Transportation Services in this litigation. The Court will address these issues in a separate order.

2015, the Court orally denied both parties' summary judgment motion on all issues except as to the issue of the validity of the transfer of shares of stock from Loredon Boynes, Sr. to his son, Loredon Boynes, Jr. (Count II of the Plaintiffs' Second Amended Complaint and Count IX of Defendants' counterclaims). The Court issues this opinion setting forth its reasons in writing.

## I.  FACTUAL BACKGROUND

¶2    Because the parties are familiar with the facts of this case, the Court recites only those facts pertinent to a disposition of the motions. Moreover, the following facts are undisputed for purposes of summary judgment.

¶3    This case involves a family dispute over the management and control of a closely-held corporation. Transportation Services of St. John, Inc. ("Transportation Services"), a privately-owned corporation, provides a public service and operates under a government issued exclusive franchise. Loredon Boynes, Sr. ("Loredon Sr."),[2] Vashti Boynes ("Vashti," ex-wife of Loredon Sr.),[3] and James Boynes incorporated the company in 1968. It originally contained a total of 1,000 shares of stock. *Id.* On September 20, 1971, the Board of Directors of Transportation Services amended the Articles of Incorporation to increase the amount of authorized shares from 1,000 to 2,000. As of October 14, 1975, of the 2,000 authorized shares, 1,000 shares, constituting 100% of the issued shares of stock, were issued as follows: 500 shares to Vashti and 500 shares issued to Loredon Sr. *See* Pl.s' Memo. of Law in Support of Pl.s' Mot. for Partial Summ. J. at 2, ¶ 2; Def.s' Resp. at 2. Each of the 500 shares constituted a 50% ownership interest in the corporation.

---

[2] Because many of parties and persons material to this case are or were related and share the same last name, the Court will refer to these individuals by their first name, or a derivative thereof, to avoid confusion.

[3] Vashti Boynes was named as an initial plaintiff in this matter. However, Vashti passed away on June 18, 2016. Because neither party filed a motion for substitution to have a personal representative substitute in her stead within two years of the date of her death pursuant to 5 V.I.C. § 78, the Court, after allowing the parties to brief the issue, issued an Order on November 6, 2019 dismissing her claims as well as the counterclaims filed against her.

¶4      On November 18, 1976, the Legislature of the Virgin Islands awarded Transportation Services and another company, Varlack Ventures, "the joint exclusive right and franchise to operate the public marine passenger transportation service between the public wharf[s]" on the islands of St. Thomas and St. John. Act No. 3906, § 2. This franchise was a ten-year franchise commencing on May 31, 1976. *Id.* § 4. The Act also provided that "[n]o transfer or assignment of this franchise or of any interest therein shall be effective without the prior written approval of the Governor [of the Virgin Islands] and of the Legislature." *Id.* § 5. Additionally, if Transportation Services failed to perform under any provision of the franchise agreement, the Act gave the Government of the Virgin Islands "the right to commence proceedings for the forfeiture of [the] franchise" in court wherein the court would be authorized to order that the franchise be forfeited if there was a material breach of conditions and obligations imposed by the Act. *Id.* § 10.[4]

¶5      On April 17, 1985, Loredon Sr. transferred his 500 shares of stock to his son, Loredon Boynes, Jr. ("Loredon Jr"). As evidenced by the stock certificate, the transfer was conducted in the presence of Clifton A. Boynes, Sr., Karen Boynes, and Erin Parsons. *See* Ex. 18 attached to Def.s' Motion for Summ. J.; Ex.s 12 and 14 attached to Defs.' Statement of Facts. Vashti, in her capacity as secretary to the corporation, signed the new stock certificate in favor of Loredon Jr. At this time, the 500 shares continued to represent a 50% ownership interest in Transportation Services. By 1993, Loredon Jr. held a 50% ownership interest, and Vashti held the remaining 50% ownership interest in Transportation Services.[5]

---

[4] On June 11, 1986, the Legislature granted Transportation Services another 10-year franchise to operate the public marine passenger transportation service commencing on May 31, 1986. *See* Act. No. 5168, § 3. On July 22, 1994, the Legislature thereafter amended Act No. 5168, § 3 to provide that the franchise would be for thirty years instead of ten years. *See* Act No. 5999, § 12. Thus, the franchise awarded in 1986 was extended to May 31, 2016.

[5] Sometime in 2007, Vashti transferred her 50% ownership interest in Transportation Services to Clifton Sr.. Clifton Sr. later agreed to sell this 50% interest to Transportation Services as part of a settlement agreement in a separate lawsuit.

¶6     Twenty-eight years after Lorendon Sr. transferred his shares of stock in Transportation Services to Loredon, Jr., Plaintiffs filed this lawsuit on October 18, 2013 challenging the validity of that transfer.  After several amendments, the Court approved the filing of the Second Amended Complaint on January 9, 2015. The Defendants filed their Answer and Counterclaim on January 26, 2015.

¶7     In order to determine the ownership and control of Transportation Services, among other issues, the parties moved for summary judgment as to whether the 1985 transfer of 500 shares of stock in Transportation Services from Loredon Sr. to Loredon Jr. is valid (Count II, Counterclaim Count IX).[6]

¶8     During a November 16, 2015 hearing on the cross motions for summary judgment, the Court determined that the permissibility of the 1985 transfer, unlike the other issues, was a purely legal issue because it centered on the interpretation of Virgin Islands law. Tr. of Oral Arg., at 30, Nov. 17, 2015. Below lie the reasons for the Court's denial of Plaintiffs' motion and the granting Defendants' motion as to Count IX of Defendants' Counterclaim.

## II.  LEGAL STANDARD

¶9     Pursuant to Rule 56 of the Virgin Islands Rules of Civil Procedure, a party may move for summary judgment identifying each claim on which it seeks summary judgment. V.I. R. Civ. P. 56(a).

---

*See Boynes v. Transp. Servs. of St. John, Inc.*, Civ. No. ST-07-CV-606. Clifton attempted to rescind that agreement, however, and issues pertaining to the validity of the settlement agreement were addressed by the Virgin Islands Supreme Court in a 2014 decision *See generally, Boynes v. Trans. Servs. of St. John, Inc.*, 60 V.I. 453 (2014). Plaintiffs, in their summary judgment motion, attempted to have the Court revisit, in this proceeding, whether the transfer of shares from Vashti to Clifton Sr. in 2007 was valid.  However, the Court finds it unnecessary to decide that issue at this time in order to determine whether the 1985 transfer of shares from Loredon Sr. to Loredon Jr. was valid.

[6] On January 9, 2015, the Court issued an Order granting Plaintiffs' Motion for Leave to file a Second Amended Complaint, which was filed on April 28, 2014. This complaint is the operative complaint in this matter.  Defendants filed an Answer and Counterclaims to this complaint on January 26, 2015.

The Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "If the movant meets this burden, the nonmoving party must introduce some evidence showing a genuine issue for trial." *Anderson v. Am. Fed'n of Teachers*, 67 V.I. 777, 788 (2017). If the movant demonstrates the absence of a triable issue of material fact in the record, that movant is entitled to a judgment as a matter of law. *Rymer v. Kmart Corp.*, 68 V.I. 571, 575-76 (2018). The Court's role in deciding a motion for summary judgment is not to determine truth, but rather to determine whether a factual dispute exists that warrants trial on the merits. *Williams v. United Corp.*, 50 V.I. 191, 195 (2008).

### III. DISCUSSION

¶10    Plaintiffs contend that the 1985 transfer of stock from Loredon Sr. to Loredon Jr. is ineffective because they did not, as required by law, obtain written authorization from the Governor or the Legislature prior to the transfer. Defendants assert that: (1) any deficiency under the first franchise is moot because of the enactment of the second franchise; (2) Plaintiffs do not have a private cause of action to bring a claim under Act No. 3906; (3) the statute of limitations to object to the validity of the 1985 stock transfer expired six years after the transfer; (4) Plaintiffs claims are barred by the doctrine of estoppel; and (5) Plaintiffs claims are barred by the doctrine of laches.

### A. *Plaintiffs' Claim Seeking a Declaratory Judgment as to Whether Loredon Boyne, Jr. Owns a 50% Interest in Transportations Service is Time Barred.*

¶11    Defendants argue that Plaintiffs' challenge to the validity of the 1985 stock transfer is time barred. There is no dispute that Plaintiffs were aware in 1985 that Loredon Sr. transferred 500 shares of stock in Transportation Services to Loredon Jr. In fact, Clifton Sr. witnessed the signing of the stock certificate evidencing the transfer. Yet, despite that knowledge, Plaintiffs waited more than 28 years after the transfer occurred to commence this proceeding. According to 5 V.I.C. § 31, "[c]ivil

actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute." Defendants correctly note that, regardless of which limitations period applied, Plaintiffs claim would be barred under any of those provisions. *See* 5 V.I.C. § 31(1) (providing that the longest limitations period is 20 years). There is no dispute that Plaintiff commenced this action beyond any permissible limitations period provided in section 31. Thus, Plaintiffs' claim is time-barred and summary judgment will be granted in favor of Defendants.

### B. The Transfer of Shares of Stock in Transportation Services was not a Transfer of the Franchise Granted by the Legislature.

¶12    Even if the Plaintiffs' claim was not time-barred, their claim fails as a matter of law. Plaintiffs argue that the 1985 stock transfer was invalid because it was not approved by the Governor and the Legislature. Section 5 of Act No. 3906 provides that "[n]o transfer or assignment of this franchise or of any interest therein shall be effective without the prior written approval of the Governor and of the Legislature." However, Loredon Sr. did not transfer or assign any interest in the franchise. Rather, he transferred his ownership interest in the company that owned the franchise. As explained below, the transfer of ownership shares of company that has a franchise is not the equivalent of a transfer of the franchise.

¶13    In the context of the facts of this case, a "franchise" is the granting of a right to engage in a certain business. *See* Black's Law 773 (10th ed. 2004) (defining "franchise" as "to grant (to another) the sole right of engaging in a certain business or in a business using a particular trademark in a certain area."). Here, Transportation Services, a separate legal corporate entity, owns the franchise – the right to operate public marine passenger transportation services between the islands of St. Thomas and St. John. No such right was granted to Loredon Sr. This franchise, granted by the

Legislature is an asset of Transportation Services. The transaction between Loredon Sr. and Loredon Jr. was a stock transfer between individuals regarding control of a corporation. "[T]here is a clear distinction between the transfer of an asset of a corporation, such as a franchise agreement, and transfer of the stock in a corporation itself." *Hawkins v. Ford Motor Co.*, 748 So. 2d 993, 1000 (Fl. 1999) (holding that the transfer of an interest in a motor vehicle dealership does not constitute a transfer of the dealership's franchise agreement).

¶14    Act No. 3906 prohibited the transfer of an interest in the franchise unless approved by the Governor and the Legislature. This legislation did not prohibit any person owning shares of stock in Transportation Services from transferring those shares. Any other "interpretation would render meaningless the distinction between a franchise agreement, which is an asset of the [corporation], and an equity interest in the [corporation] itself." *Id.* at 999; *see also Jameson Crosse, Inc. v. Kendall-Jackson Winery, Ltd.*, 917 F. Supp. 520 (N.D. Ohio 1996) (holding that the selling of all of the stock in a wine distributor did not constitute a transfer in the franchise between the wine distributor and wine manufacturer). The Court declines to read anything more into this legislation. Simply stated, there is nothing in Act 3906 that prohibited Loredon Sr. from transferring his interest in Transportation Services to his son or to any other individual. Thus, because the transfer of shares of Transportation Services was not a transfer or assignment of the franchise to operate a public marine passenger transportation service, the written approval of the Governor and the Legislature was not required. Accordingly, even if Plaintiffs claims were timely filed, the transfer of stock ownership from Loredon Sr. to Loredon Jr. was not a transfer of the franchise and therefore, not an act prohibited by the legislatively-authorized franchise.[7]

---

[7] Even if the transfer of shares of stock in Transportation Services can be construed as a transfer of an interest in the franchise, such a transaction would not void the transfer. The plain language of Act No. 3906, § 10 authorizes the

### C. Title 30, section 43a of the Virgin Islands Code is not applicable.

¶15    Plaintiffs also contend that the 1985 transfer of stock from Loredon Sr. to Loredon Jr. is ineffective because Loredon Sr. did not obtain written authorization from the Public Service Commission prior to the transfer as required by 30 V.I.C. § 43a. Subsequent to the 1985 transfer, on May 19, 1987, the Legislature amended the law to require a corporation with a publicly-awarded franchise to obtain approval from the Virgin Islands Government for the transfer of stock or franchise in a public utility. There is no indication that the Legislature intended for this amendment to be applied retroactively. The amendment to 30 V.I.C. § 43a now provides that no "person or Corporation . . . shall sell, acquire, or transfer control, either directly, or indirectly of any public utility organized and doing business in this Territory, without first securing authorization from the [Public Services] Commission. Any such acquisition or control without prior authorization shall be void and of no effect."

¶16    The Legislature enacted 30 V.I.C. § 43a on May 19, 1987. Loredon Sr. transferred the shares of stock to his son on the April 17, 1985, just over two years prior to the enactment. Because the transfer of shares took place prior to the enactment of 30 V.I.C. § 43a, this statute does not apply here. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994) (opining that presumption is that statute enacted after the events that gave rise to a lawsuit should not be applied retroactively if it will have retroactive effect); *see also Iles v. de Jongh*, 638 F.3d 169, 176-77 (3d Cir. 2011) (holding that amendment to 5 V.I.C. § 530 does not govern because Virgin Islands Legislature has not expressly

---

Government of the Virgin Islands to institute forfeiture proceedings if there is a material breach of the conditions and obligations imposed by the Act. Thus, if there was a material breach of the conditions of the franchise agreement imposed by Act No. 3906, such as a transfer of an interest in the franchise, the Government would be the proper party to seek to institute proceedings to effectively cancel the franchise. Plaintiffs' arguments that any transfer of the franchise without approval by the Governor and the Legislature would be void is not supported by the language of the Act.

*Transp. Serv. of St. John, Inc., et al. v. Boynes, et al.*
Case No. ST-13-CV-544
**MEMORANDUM OPINION**
Page **9** of **10**

2019 VI Super 178

stated that the amendment . . . should apply to suits arising before it was enacted" . . . and because the amendment would have a retroactive effect).

### D. *Plaintiffs do not have a private cause of action to bring a claim under Act No. 3906.*

¶17    Defendants allege that Plaintiffs do not have the ability to bring a claim under Act No. 3906. A franchise granted by a governmental entity and accepted by the franchisee is the equivalent of a contract between that governmental entity and the franchisee. *See e.g. In re DOD Cable TV Franchise Agreements*, 36 Fed. Cl. 171 (1996); *City of Moorhead v. Bridge Co.*, 867 N.W.2d 339, 343-44 (N.D. 2015 (opining that a franchise is a contract subject to the general rules of contract interpretation); *Captain Andy's Sailing v. Dep't of Land & Nat. Res.*, 150 P.3d 833, 843 (Haw. 2006) ("[A] franchise is derived from a grant of the sovereign power. The power conferred emanates from, and is a portion of, the power of the government that confer it . . .. A franchise is conceived as a subject of contract."); *City of Macon v. Alltel Comm., Inc.*, 596 S.E.2d 595 (Ga. 2004) ("A franchise is a contract creating property rights, and city cannot create such a contractual relationship by its unilateral act.") Act No. 3906, section 10 provides that "the Government of the Virgin Islands expressly reserves the right to commence proceedings for the forfeiture of the franchise in case the grantees, their successors or assignees, shall fail to perform the conditions and obligations created by this Act." 1976 V.I. Sess. Laws 3906, § 10. "Proceedings to effect the forfeiture of this franchise shall be brought . . . by the Attorney General of the Virgin Islands on behalf of the Government of the Virgin Islands." *Id.*

¶18    Even if Plaintiffs were correct, that the transfer from Loredon Sr. to Loredon Jr. was an invalid transfer of interest in the franchise, according to Act No. 3906, Plaintiffs do not have the ability to commence proceedings for the forfeiture of the franchise. *Id.* A transaction that violates Act No. 3906 does not void the transaction. If there was a violation of the Act, this would simply allow the

*Transp. Serv. of St. John, Inc., et al. v. Boynes, et al.*
Case No. ST-13-CV-544
**MEMORANDUM OPINION**
Page **10** of **10**

2019 VI Super 178

Government to commence forfeiture proceedings due to a material breach. The franchise is an agreement between the Government and Transportation Services. Since neither Clifton Sr. nor Clifton Jr. are parties to the franchise agreement, they do not have standing to assert a breach of the franchise.

### IV. CONCLUSION

¶19  For the reasons stated above, the Court finds that Plaintiffs' claim that the April 17, 1985 transfer of 500 shares of stock in Transportation Services from Loredon Sr. to Loredon Jr. is time-barred. Even if Plaintiffs' claims were not time-barred, the Court concludes that the April 17, 1985 transfer was valid and did not violate Act No. 3906. Furthermore, even if the 1985 transfer violated Act No. 3906, the transaction would still be valid but subject to a claim by the Government that Transportation Services violated the terms of franchise and thus, Plaintiffs do not have standing to claim a breach of the terms of the franchise. Accordingly, the Court will grant Defendants' motion for summary judgment on its counterclaim declaring that the 1985 transfer of 500 shares of stock in Transportation Services from Loredon Sr. to Loredon Jr. was valid.[8] The Court, likewise, will deny Plaintiffs' motion for summary judgment on this issue. An order accompanies this memorandum opinion.

**DATED:** December 30, 2019

_____
**ROBERT A. MOLLOY**
Judge of the Superior Court

**ATTEST:**
ESTRELLA GEORGE
Clerk of the Court
By: _____
   Court Clerk

Dated: __12/30/19__

---

[8] In light of this ruling, the Court finds it unnecessary to address the other arguments raised by the parties on this issue.